IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CR98 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| ROLAND K. LONG, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 43). See "Order on Sentencing Schedule," ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The plea agreement reached pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) recommends a base offense level of 26 based on a quantity of at least 20 but less than 35 grams of a mixture or substance containing a detectable amount of cocaine base, i.e. crack cocaine. The plea agreement, also pursuant to Rule 11(c)(1)(C), requires a sentence of 144 months. The plea agreement is silent as to the anticipated criminal history category. The plea agreement also states that the Defendant will not request a variance or deviation from the guideline range, and states that the Defendant "agrees not to make any motion requesting a downward departure based on U.S.S.G. §§ 5H1.1-5H1.12 and/or 5K2.0-5K2.23."

The PSR assigns a base offense level of 30 based on a quantity of 45.5 grams of cocaine base. The PSR also includes a 2-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon in connection with the offense.

Apparently not anticipated by the parties, the PSR applies a Chapter Four enhancement pursuant to U.S.S.G. § 4B1.1(a) given the Defendant's status as a career offender, raising the offense level to 34. After a 3-level reduction for acceptance of responsibility, the PSR assigns a total offense level of 31 which, together with placement in criminal history category VI, results in a guideline range of 188-235 months.

The Defendant objects to the following portions of the PSR: ¶¶ 20, 21, 22, 30 - drug quantity and base offense level; ¶ 29 - gun enhancement; and ¶ 75 - statements regarding gang membership and association. The Defendant does not object to his career offender status.

The Defendant's objection to ¶ 75 is denied for the reasons stated in the Addendum to the PSR and because the information in ¶ 75 does not affect the sentencing guideline calculation.

The Defendant's objections to ¶¶ 20, 21, 22, 30 and 29 are denied as moot, in light of the Defendant's career offender status and resulting Chapter Four enhancement. At sentencing, the Court will discuss with the parties the remaining issue raised by the following: the Rule 11(c)(1)(C) plea agreement requiring a 144-month sentence; the guideline range of 188-235 months based in part on the Defendant's career offender status; and the plea agreement provision stating the Defendant's agreement not to request a downward departure pursuant to § 5K2.0 or a variance or deviation from the guideline range.

IT IS ORDERED:

1.  The Court's tentative findings are that the Defendant's objections (Filing No. 43) to the PSR are denied as follows:

      a.      the Defendant's objections to ¶ 75 is denied;

      b.      the Defendant's objections to ¶¶ 20, 21, 22, 30 and 29 are denied as moot;

      2.      The parties are notified that my tentative findings are that the PSR is correct in all other respects;

      3.      The Court will discuss the issues raised by the Rule 11(c)(1)(C) plea agreement and the PSR at sentencing;

      4.      If **any** party wishes to challenge these tentative findings, the party shall file, as soon as possible but in any event before sentencing, and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

      5.      Absent submission of the information required by paragraph 3 of this order, my tentative findings may become final;

      6.      Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 14th day of August, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge