IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CR98 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| ROLAND K. LONG, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's pro se motions (Filing Nos. 138, 150, and 151) in which he seeks a retroactive sentence reduction pursuant to 18 U.S.C. § 3852 and Amendment 782 to the Sentencing Guidelines. He has also filed a request for personal appearance before the Court to argue his position (Filing No. 153). The Court has reviewed the parties' submissions, the 2014 Drug Retroactive Sentencing Worksheet submitted by the Court's probation office (Filing No. 141), and the opinion of the U.S. Court of Appeals for the Eighth Circuit (*United States v. Long*, 757 F.3d 762 (8th Cir. 2014)), in which Long was found ineligible for a sentence reduction under 18 U.S.C. § 3852 because he was sentenced to a specific term (144 months) pursuant to an 11(c)(1)(C) plea agreement that did not specify a guideline range, nor contain sufficient information from which his guideline range could be calculated. Long remains ineligible for a sentence reduction under 18 U.S.C. § 3852, for the same reasons set out in *Long*, 757 F.3d at 764. See also *Freeman v. United States*, 313 S. Ct. 2685, 2697 (2011) (Sotomayor, J., concurring). Accordingly,

IT IS ORDERED:

    1.    Defendant Roland Long's pro se Motions (Filing Nos. 138, 150, and 151) seeking retroactive sentence reduction pursuant to 18 U.S.C. § 3852 are denied;

2.     Defendant Roland's Long's pro se Motion (Filing 153) seeking a personal appearance before the Court is also denied; and

3.     The Clerk will send a copy of this Order to the Defendant at his last known address.

DATED this 12th day of May, 2015.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge